IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND, et al.<br>6650 BELAIR ROAD, 2ND FLOOR<br>BALTIMORE, MD 21206<br><br>    Plaintiffs,<br><br>    vs.<br><br>ALDI MECHANICAL, INC.<br>1544 Goldenrain Court<br>Reston, VA 20190<br><br>    and<br><br>WILLIAM F. ALDI, SR.<br>1544 Goldenrain Court<br>Reston, VA 20190<br><br>    Defendants.<br><br>JOHN J. KIRLIN<br>515 Dover Road, Suite 2800<br>Rockville, MD 20850<br><br>    Garnishee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>**CASE NO.** CCB03-220<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF GARNISHEE**
(Must be filed in accordance with Md. Rule 2-321)

The Garnishee in answer to the continuing wage attachment, says:

1.     The Judgment Debtor/Employee <u>IS NOT</u> employed by the Garnishee.

2.     The Judgment Debtor/Employee <u>IS</u> employed by this Garnishee.

    Rate of Pay _____

    Pay Period _____

3.     There are prior attachment/liens against this employee's wages, as follows:

| Name & Address of Court | Case Number | Plaintiff & Address | Date Attached | Amount of Judgment |
|---|---|---|---|---|
| | | | | |

4.     The Garnishee desires to contest the Attached and does assert on behalf of the Judgment Debtor/Employee the following defense:

_____
Garnishee or Attorney

    I hereby certify that I mailed a copy of this answer to the Plaintiff/Judgment Creditor or his attorney, and a copy to the Judgment Debtor/Employee on _____

MAIL ORIGINAL TO:

    Clerk of the Court
    United States District Court
     for the District of Maryland
    101 West Lombard Street
    Room 4415
    Baltimore, MD 21201

_____
Garnishee

## INSTRUCTIONS TO GARNISHEE

**MARYLAND RULES OF PROCEDURE**

**2-646 (i) – Withholding and Remitting of Wages**

While the garnishment is in effect, the garnishee shall withhold all garnishable wages payable to the debtor. If the garnishee has asserted a defense or is notified that the debtor has done so, the garnishee shall remit the withheld wages to the Court. Otherwise, the garnishee shall remit them to the creditor or the creditor's attorney within 15 days after the close of the debtor's last pay period in each month. The garnishee shall file a monthly statement showing the amount withheld each pay period and the method used to determine the amount. If the garnishee is served with more than one writ for the same debtor, the Writs shall be satisfied in the order in which served.

**2-646 (k) – Termination of Garnishment**

A garnishment of wages terminates 90 days after cessation of employment unless the debtor is reemployed by the garnishee during that period.

**COMMERCIAL LAW ARTICLE – ANNOTATED CODE OF MARYLAND**

**15-601.1 – Exemption from Attachment**

(a)     Amounts of wages exempt; medical insurance payment – The following are exempt from attachment:

   1     Except as provided in item (2) of this subsection, the greater of:

      (i)     The product of $145.00 multiplied by the number of weeks in which the wages due were earned; or

      (ii)    75 percent of the wages due

FOR INFORMATION PURPOSES, PLEASE CHECK THE FOLLOWING: (1) THERE ARE NO PENDING MOTIONS FOR RECONSIDERATION; (2) MOTIONS TO VACATE; (3) THAT NO SUPERSEDEAS BOND HAS BEEN POSTED; (4) THAT THE JUDGMENT IS FINAL AS TO ALL PARTIES AND CLAIMS (RULE 54[b] F.R.Civ.P.); (5) THAT THERE IS NO "STAY OF EXECUTION" ON THE PENDING JUDGMENT; AND (6) THAT THE PROPERTY TO BE ATTACHED IS LOCATED WITHIN THE STATE OF MARYLAND.

SEE MARYLAND RULES FOR THE FOLLOWING:
    WRIT OF EXECUTION     (2-641)
    WRIT OF GARNISHMENT (2-645)
    WRIT OF GARNISHMENT ON WAGES   (2-646)