

4940 NICHOLSON COURT, SUITE 100
KENSINGTON, MD 20895
301/816-2088
FAX 301/816-2177

APR 2 8 2004

April 26, 2004

Clerk of the Court
United States District Court
For the District of Maryland
101 West Lombard Street
Room 4415
Baltimore, MD 21201

CERTIFIED R.R.
7000 0600 0024 5808 0590

Re: Case No. CCB-03-220
    William F Aldi, Sr

To Whom It May Concern:

    Please be advised that William F Aldi, Sr, is not longer employed with Heffron Company. Mr. Aldi quit his position on March 26, 2004. We are therefore, returning the Writ of Garnishment.

    Should you need further information, please feel free to contact me.

                            Very truly yours,

                            Leslie B Jones

CC: Trustees of Heating, Piping &
    Refrigeration Pension Fund
    6650 Belair Rd, 2nd Floor
    Baltimore, MD 21206

Cc: O'Donoghue & O'Donoghue
    4748 Wisconsin Ave., NW
    Washington, D.C. 20016

APR 2 8 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WRIT OF GARNISHMENT OF WAGES

CASE NO. CCB-03-220

AMOUNT OF JUDGMENT OWED:
**$9,362.26, plus interest at the rate of 10% per annum from May 1, 2003 through date of payment**

NOTICE TO JUDGMENT DEBTOR
AND GARNISHEE:

WRIT ISSUED AS TO:

Federal and State Exemptions May be Available to You - See Below

**WILLIAM F. ALDI, SR.**
1544 Goldenrain Court
Reston, VA 20190

TO GARNISHEE:   **Heffron Company, Inc.**
**4940 Nicholson Court, Suite 100**
**Kensington, MD 20895**

You are hereby notified that you MUST FILE A WRITTEN ANSWER in the Office of the Clerk of this Court within 30 days after service of this Writ on you. Failure to do so may result in YOU BEING HELD IN CONTEMPT.

(NOTE: The answer shall state whether the debtor is an employee of the garnishee and, if so, the rate of any pay and the existence of prior liens. The garnishee may assert any defense that the garnishee may have to the garnishment, as well as any defense that the debtor could assert.)

TO THE JUDGMENT DEBTOR:

You are hereby notified of the right to contest the Garnishment BY FILING A WRITTEN MOTION asserting a defense or objection, in the Office of the Clerk of this Court, U.S. District Court, Room 404, U.S. Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201.

WITNESS the Honorable Chief Judge of the United States District Court for the District of Maryland.

Date Issued: 4/7/04

FELICIA C. CANNON
CLERK

_/s/_
DEPUTY CLERK

(NOTE:   Service of this Writ shall be made in accordance with Md. Rule 2-121.)
         Date of this Writ mailed to debtor's last known address:_____

ADDRESS OF JUDGMENT DEBTOR:

William F. Aldi, Sr.
1544 Goldenrain Court
Reston, VA  20190

115208_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE HEATING, PIPING )
AND REFRIGERATION PENSION FUND, 
et al.
6650 BELAIR ROAD, 2ND FLOOR
BALTIMORE, MD 21206

    Plaintiffs,                         )

        vs.                               ) **CASE NO. CCB03-220**

ALDI MECHANICAL, INC.            )
1544 Goldenrain Court
Reston, VA 20190                  )

        and                       )
                                      )
WILLIAM F. ALDI, SR.            )
1544 Goldenrain Court            )
Reston, VA 20190                   )

    Defendants.                   )
                                      )
HEFFRON COMPANY, INC.
4940 Nicholson Court, Suite 100
Kensington, MD 20895

    Garnishee.

**ANSWER OF GARNISHEE**
(Must be filed in accordance with Md. Rule 2-321)

The Garnishee in answer to the continuing wage attachment, says:

    The Judgment Debtor/Employee <u>IS NOT</u> employed by the Garnishee.

2.     The Judgment Debtor/Employee <u>IS</u> employed by this Garnishee.

    Rate of Pay _____
    Pay Period _____

3   There are prior attachment/liens against this employee's wages, as follows:

| Name & Address of Court | Case Number | Plaintiff & Address | Date Attached | Amount of Judgment |
|---|---|---|---|---|

4.   The Garnishee desires to contest the Attached and does assert on behalf of the Judgment Debtor/Employee the following defense:

_____
Garnishee or Attorney

   I hereby certify that I mailed a copy of this answer to the Plaintiff/Judgment Creditor or his attorney, and a copy to the Judgment Debtor/Employee on _____ .

MAIL ORIGINAL TO:

Clerk of the Court
United States District Court
 for the District of Maryland
101 West Lombard Street
Room 4415
Baltimore, MD 21201

_____
Garnishee

2

## INSTRUCTIONS TO GARNISHEE

**MARYLAND RULES OF PROCEDURE**

### 2-646 (i) – Withholding and Remitting of Wages

While the garnishment is in effect, the garnishee shall withhold all garnishable wages payable to the debtor. If the garnishee has asserted a defense or is notified that the debtor has done so, the garnishee shall remit the withheld wages to the Court. Otherwise, the garnishee shall remit them to the creditor or the creditor's attorney within 15 days after the close of the debtor's last pay period in each month. The garnishee shall file a monthly statement showing the amount withheld each pay period and the method used to determine the amount. If the garnishee is served with more than one writ for the same debtor, the Writs shall be satisfied in the order in which served.

### 2-646 (k) – Termination of Garnishment

A garnishment of wages terminates 90 days after cessation of employment unless the debtor is reemployed by the garnishee during that period.

**COMMERCIAL LAW ARTICLE – ANNOTATED CODE OF MARYLAND**

### 15-601.1 – Exemption from Attachment

(a)  Amounts of wages exempt; medical insurance payment – The following are exempt from attachment:

   (1)  Except as provided in item (2) of this subsection, the greater of:

      (i)  The product of $145.00 multiplied by the number of weeks in which the wages due were earned; or

      (ii) 75 percent of the wages due

FOR INFORMATION PURPOSES, PLEASE CHECK THE FOLLOWING: (1) THERE ARE NO PENDING MOTIONS FOR RECONSIDERATION; (2) MOTIONS TO VACATE; (3) THAT NO SUPERSEDEAS BOND HAS BEEN POSTED; (4) THAT THE JUDGMENT IS FINAL AS TO ALL PARTIES AND CLAIMS (RULE 54[b] F.R.Civ.P.); (5) THAT THERE IS NO "STAY OF EXECUTION" ON THE PENDING JUDGMENT; AND (6) THAT THE PROPERTY TO BE ATTACHED IS LOCATED WITHIN THE STATE OF MARYLAND.

SEE MARYLAND RULES FOR THE FOLLOWING:
   WRIT OF EXECUTION      (2-641)
   WRIT OF GARNISHMENT (2-645)
   WRIT OF GARNISHMENT ON WAGES   (2-646)